UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| KENYA L. KELLY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STATE FARM MUTUAL AUTOMOBILE ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendant. ) | 2:15-cv-02169-RCJ-GWF <br><br> **ORDER** |

This case arises out of an insurance company's alleged refusal to make a fair and adequate payment under two underinsured motorist ("UM") policies. Pending before the Court is a Motion to Remand (ECF No. 9). For the reasons given herein, the Court denies the motion.

I. **FACTS AND PROCEDURAL HISTORY**

Plaintiff Kenya L. Kelly was a passenger in a car involved in an accident with a hit-and-run driver on July 7, 2014. (Compl. ¶¶ 12–16, ECF No. 1). At the time of the accident, she had an active UM policy issued by Defendant State Farm Mutual Automobile Insurance Company ("State Farm") providing coverage of $15,000 ("Policy #1"). (*Id.* ¶ 6). The vehicle in which Plaintiff traveled was also insured by a UM policy issued by State Farm providing coverage of $15,000 ("Policy #2"). (*Id.* ¶ 5). In her Complaint, Plaintiff claims that as a result of the accident

she incurred medical bills in excess of $10,000 as well as other "medical damages." (*Id.* ¶¶ 18–20). Plaintiff submitted a UM claim to Defendant under each policy and demanded a policy limit payment under each policy. (*Id.* ¶ 21). Plaintiff alleges that Defendant "refused to make a fair and adequate payment or reasonable offer to the Plaintiff" as required by the policies. (*Id.* ¶ 22).

Plaintiff sued Defendant in state Court on five causes of action: (1) breach of contract; (2) unfair claims practices; (3) contractual breach of implied covenant of good faith and fair dealing; (4) tortious breach of the implied covenant of good faith and fair dealing; and (5) bad faith. Plaintiff asks for special and contractual damages, general damages, and punitive damages, along with attorney's fees and costs. Defendant removed based on diversity jurisdiction. Plaintiff has moved to remand for failure to satisfy the amount-in-controversy requirement.

## II.     LEGAL STANDARDS

Assuming complete diversity between the parties, federal courts have jurisdiction over state claw claims where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Where a complaint specifies no precise amount of damages, a removing defendant bears the burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996). Punitive damages and attorney's fees are included in the calculation of the amount in controversy if available by statute, rule, or contract. *See Barry v. Edmunds*, 116 U.S. 550, 562–65 (1886) (punitive damages); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir.1998) (attorney's fees). A court can consider information provided by a defendant in briefing a motion to remand as an amendment to a notice of removal. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840, n.1 (9th Cir. 2002).

### III. ANALYSIS

The Court is convinced by a preponderance of the evidence that the amount in controversy exceeds $75,000. In her Complaint, Plaintiff prays for special and contractual damages, general damages, and punitive damages, each "in excess of ten thousand dollars." (Compl., 17, ECF No. 1). The question is not answered, however, by the amount prayed for in a complaint. In Nevada, a plaintiff must include in her complaint a recital that she seeks in excess of $10,000 in order to invoke the general jurisdiction of the district court and avoid the limited jurisdiction of the justice court, no matter what amount she seeks above $10,000. The amount sought in a complaint therefore means little for the purpose of determining the amount in controversy. Plaintiff argues the amount in controversy cannot be more than $75,000 because she has never demanded more than $50,000 to settle the case, (Mot., 3, ECF No. 1), but it is not relevant that a plaintiff has offered to settle for a fixed amount below $75,000. Nor is it relevant that a defendant denies liability outright, as Defendant has done here. The question is whether it is more probable than not that the plaintiff, if she prevails on the theories she has alleged in her complaint, can recover more than $75,000 in damages, fees, and costs. That is the definition of the amount in controversy.

Plaintiff claims medical special damages of $22,521.02 along with general damages in excess of $10,000. (Compl., 17; Mot., 9). She also asks for punitive damages for her claims of unfair claims practice, breach of the implied covenant of good faith and fair, dealing, and bad faith. Defendant argues that punitive damages are available for Plaintiff's bad faith claim. Defendant reviews the verdict from a similar case in which the plaintiff received a verdict of $40,000 for breach of contract, $50,000 for unfair trade practices and breach of the covenant of

good faith and fair dealing, and $25,000 in punitive damages. *See Cabrera v. Am. Family Fin. Servs.*, 2009 WL 2923011 (April 3, 2009, District Court of Nevada, Eighth Judicial District, Clark County); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (a defendant may introduce evidence of jury verdicts to establish probable punitive damages).

Here, Plaintiff has demanded Defendant pay the limits on the two policies, equal to a total of $30,000. If successful on her claims, Plaintiff would likely obtain the $30,000 limit because she is asking for $22,521.02 in medical special damages in addition to at least $10,000 in general damages. If Plaintiff also prevails on her tort claims, and the jury awards punitive damages, then she could likely receive a verdict comparable to the $115,000 verdict in *Cabrera*. Any attorney's fees and costs would only increase the total award. The Court is convinced by a preponderance of the evidence that the amount in controversy exceeds $75,000.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 9) is DENIED.

IT IS SO ORDERED.

DATED: This 12th day of February, 2016.

---

ROBERT C. JONES
United States District Judge